

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-2002

# USA v. Fellows

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4444

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Fellows" (2002). *2002 Decisions*. Paper 678.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/678

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 01-4444

———————

UNITED STATES OF AMERICA

v.

DEVON ANTHONY FELLOWS,
                                        Appellant

———————

Appeal from Judgment of Conviction and Sentence
in Criminal No. 01-290 in the
United States District Court
for the Eastern District of Pennsylvania
District Judge: Hon. John R. Padova

———————

Submitted Pursuant to Third Circuit LAR 34.l(a)
September 20, 2002

———————

Before: Scirica, Alito and McKee, <u>Circuit Judges</u>.

(Opinion Filed:  October 29, 2002)

———————

MEMORANDUM OPINION

———————

McKEE, <u>Circuit Judge</u>.

Devon Anthony Fellows appeals his conviction for attempted reentry into the United States without the consent of the United States Attorney General following deportation. For the reasons that follow, we will affirm.

I.

Inasmuch as we write only for the parties, we need not reiterate the factual or procedural background of the appeal.

Fellows first contends that the district court erred in convicting him of violating 8 U.S.C. § 1326 because he was not specifically charged with attempted entry, but was charged only with actual entry following deportation. The government has conceded that the crime of illegal entry did not apply under the circumstances. However, Fed. R. Crim. P. 31(c) provides that a criminal defendant may be convicted of "an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense." The crime of illegal entry following deportation under 8 U.S.C. § 1326 includes the crime of attempted illegal reentry following deportation as a lesser included offense. The statute applies to any individual who "enters, attempts to enter, or is at any time found in, the United States." 8 U.S.C. § 1326(a)(2). The crime of attempted unlawful reentry does not require proof of any elements in addition to those required for the consummated act of unlawful reentry. Therefore, the government did not have to specifically indict for an attempt to convict Fellows of this lesser included offense. <u>See, e.g.</u> <u>United States v. Dhinsa</u>, 243 F.3d 635, 674 (2d Cir. 2001) ("The indictment need not charge the defendant

2

with the lesser offense in order for the trial court to submit that offense to the jury").

Fellows' claim that he cannot be convicted because the indictment did not aver the requisite specific intent must also fail because Fellows failed to preserve the issue by first raising it before the trial court. Accordingly, we review that claim only for plain error. United States v. Cotton, 122 S.Ct. 1781, 1785 (2002). We find no plain error here because Fellows' rights were not "substantially affected." Moreover, "[any] error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings." Cotton 122 S.Ct. at 1786. The government presented overwhelming and essentially uncontroverted evidence that Fellows had the specific intent to enter the United States and that he attempted to do so. Fellows arrived at the Philadelphia airport and attempted to enter the country using an assumed identity. He went through the difficulty of obtaining a forged Jamaican passport and a United States non-immigrant visa that contained his photograph, but someone else's name. He then boarded a flight bound from Jamaica to Philadelphia. We do not believe that Fellows' intent to enter the United States could be much more evident.

## II.

Fellows also alleges that his prior deportation was unlawful and he could not, therefore, properly be convicted of illegal reentry following deportation. Fellows argues that both the Immigration Judge at his deportation proceedings and the BIA violated his due process rights when they initially refused to consider a Section 212(c) waiver of deportation under the Immigration an Nationality Act, 8 U.S.C. § 1182(c). However,

3

Fellows also waived this argument because he did not object to the validity of his deportation following the initial deportation proceeding, and he did not raise the issue either before or during his trial in the district court.

Under Fed. R. Crim. P. 12, a defendant must raise all "defenses and objections based on defects in the institution of the prosecution before trial." Fed. R. Crim. P. 12(b)(1). Failure to properly raise such an objection "shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver." Fed. R. Crim. P. 12(f). In United States v. Pitt, 193 F.3d 751, 760 (3rd Cir. 1999), we explained that "the necessity for the pretrial motion to dismiss is obvious unless the evidence supporting the claim of outrageous government conduct is not known to the defendant prior to trial." Id. Fellows was therefore required to challenge the predicate deportation in a pretrial motion in the district court.

However, even if Fellows had properly raised this defense, his arguments would still fail because they do not constitute plain error. Under Fed. R. Crim. P. 52, a court may notice plain errors affecting "substantial rights" even if they were not previously brought to the attention of the court. To show plain error, the defendant must demonstrate that "(1) an error was committed; (2) the error was plain, that is, it is 'clear' and 'obvious;' and (3) the error 'affected [the defendant's] substantial rights.'" United States v. Nappi, 243 F.3d 758, 762 (3rd Cir. 2001) (quoting United States v. Olano, 507 U.S. 725, 734 (1993) and United States v. Stevens, 223 F.3d 239, 242 (3rd Cir. 2000)).

Fellows contends that the district court erred when it failed to consider the INS's

4

denial of his request for a Section 212(c) waiver.  This does not constitute error, however, because the validity of the prior deportation was not relevant to the charges then pending in the district court.  All the government needed to prove to convict under 8 U.S.C. § 1326 was that Fellows was deported and subsequently reentered, or attempted to reenter, the United States without prior approval.  There was no need to prove that his initial deportation was lawful.  Thus, the district court did not err, plainly or otherwise when it failed to reexamine the underlying deportation.

In addition, the district court's failure to consider this "defense" could not have affected Fellows' "substantial rights."  "[I]n most cases, ['affect[s] substantial rights'] means that the error must have been prejudicial:  It must have affected the outcome of the district court proceedings."  Nappi, 243 F.3d at 768 (quoting Olano, 507 U.S. at 734).  The defendant has the burden of showing prejudice.  Id.  Nothing the district court did, however, affected Fellows' rights.  In addition, Fellows was never denied the right to appeal the adverse rulings of the Immigration Judge or the BIA.

Finally, even if we decided the merits of the collateral attack on the predicate deportation, Fellows' arguments would still fail because he cannot establish the necessary elements of such an attack.  In United States v. Mendoza-Lopez, 481 U.S. 828, 834, 839 (1987), the Supreme Court said that a "collateral challenge to the use of a deportation proceeding as an element of a criminal offense must be permitted" when the underlying proceeding is "fundamentally unfair" and when "the deportation proceeding effectively

5

eliminates the right of the alien to obtain judicial review." In addition, some courts have interpreted <u>Mendoza-Lopez</u> as requiring a showing that the procedural deficiencies of the deportation hearing actually prejudiced the defendant. <u>See, e.g.</u>, <u>United States v. Lopez-Vasquez</u>, 227 F.3d 476, 483 (5th Cir. 2000); <u>United States v. Paredes-Batista</u>, 140 F.3d 367, 378 (2d Cir. 1998). In 1996, Congress effectively codified this test, allowing a collateral attack only when the alien is able to demonstrate that:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;[1]
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). Fellows is not able to meet either version of the test.

First, Fellows cannot show fundamental unfairness in the denial of his request for waiver of deportation. He relies heavily upon <u>Mendoza-Lopez</u>, but the defendants there were effectively deprived of their right to appeal their deportation judgments. 481 U.S. at 842. The procedural defects required the dismissal of the indictments for the subsequent reentry. <u>Id</u>. at 841. Fellows, however, suffered no such procedural defect. Whereas the defendants in <u>Mendoza-Lopez</u> were denied the opportunity to appeal, Fellows actually did take an appeal to the BIA. He also had the right to seek judicial review of the deportation order although he did not exercise that right, and he chose not to file a motion for habeas

---

[1]This element is not at issue because Fellows did take an administrative appeal from the deportation order. Fellows fails, however, to establish the other conditions precedent elements necessary to a collateral attack on the deportation order.

corpus after the BIA affirmed the deportation order. Thus, the deportation judgment became final, and we are at a loss to understand how Fellows' deportation proceeding could accurately be characterized as fundamentally unfair.

Moreover, even if we assume that there were procedural deficiencies, Fellows could not show actual prejudice because he can not establish "a reasonable likelihood that but for the errors complained of [he] would not have been deported." Lopez-Vasquez, 227 F.3d at 485 (quoting United States v. Benitez-Villafuerte, 186 F.3d 651, 658-59 (5th Cir. 1999)). Fellows' only allegation of prejudice is the opportunity to be considered for a waiver of deportation under Section 212(c).

However, nothing on this record even comes close to establishing a "reasonable likelihood" that he would have obtained a waiver of deportation if he could apply for one. He has offered no testimony to rebut the substantial criminal record he has accumulated over the years. Fellows was arrested no less than 11 times for offenses ranging from disorderly conduct to attempted robbery to sale of controlled substances between the ages of 19 and 34. He was not employed in the United States and he had no dependents. He has not offered any evidence that could rise to the level of "social and humane considerations" justifying his remaining in the United States. His chance of receiving a 212(c) waiver if he were eligible for one are therefore less than sterling, and we therefore find no prejudice.

For the foregoing reasons, we hold that the district court did not err when it convicted Fellows of attempted reentry following deportation and we will affirm the judgment of the district court.

7

TO THE CLERK:

Please file the foregoing opinion.

By the Court,

/s/Theodore A. McKee

CIRCUIT JUDGE